**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-CV-00480-WYD-MEH

**ATLANDIA IMPORTS, INC.,**

    Plaintiff,

v.

**ZIMMER ENTERPRISES, INC., et. al.,**

    Defendants.

## CONFIDENTIALITY PROTECTIVE ORDER

This cause coming to be heard on the Unopposed Motion for Confidentiality Protective Order (Docket #34), the Court having been fully advised and finding good cause for the entry thereof, IT IS ORDERED:

1.  This Order shall govern the use, handling and disclosure of all documents or information, including all notes, testimony, court papers and other materials containing information derived therefrom, that the party (the "Producing Party") maintains contains trade secret, proprietary or confidential information, the public disclosure of which could injure the Producing Party's business or other valid interests provided the Producing Party in good faith identifies the materials as "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY" in accordance with the terms set out below.

2.  "Documents" or "information" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, testimony, tangible articles or

things, whether documentary or oral and other information provided, served, disclosed, or filed, whether voluntarily or through discovery or other proceeding in connection with this action.

3. Documents or information designated "CONFIDENTIAL" shall contain proprietary information, whether personal or business-related. Certain limited types of "CONFIDENTIAL" information may be alternatively designated as "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY." The "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" designation shall be reserved for confidential information that the Producing Party reasonably believes constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, or other business information, trade secrets or know-how which if disclosed to the opposing party would create a substantial business disadvantage to the disclosing Party.

4. Documents or information deemed CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY shall be so designated by one of the following means:

(a) Marking or stamping each page of a document as "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY";

(b) Informing the party reviewing documents that the documents contain CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY information, in which case, if the party seeking discovery requests copies of such documents, the copies shall be marked or stamped "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY";

(c) During the course of an oral deposition, stating on the record that the testimony, question, or exhibit contains CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY information, and that if such information is retained by the reporter, it shall be retained under seal. The reporter shall be instructed not to furnish copies of any such material or disclose the contents to any person other than counsel for the respective parties. Alternatively, the parties may designate deposition testimony as CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY by making such designation in writing within 15 business days of receipt of the transcript of the deposition. To permit such designation, all

deposition transcripts shall be treated as CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY for 15 days after they are received. In either case, that portion of the deposition transcript containing the CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY information shall be separately bound and marked "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY";

(d) Marking or stamping the pages of interrogatory answers or the like containing confidential information as "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY"; or

(e) Marking and stamping the pertinent pages of any other documents, discovery responses, or correspondence containing CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY information as "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY."

5. A party may object ("Objecting Party") to the designation of particular information as CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty days after the time the notice is received, it shall be the obligation of the Objecting Party to file an appropriate motion requesting the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed timely, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY.

6. If a witness is providing "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION" during a deposition, counsel for a party or non-party may request that all persons other than persons entitled by this Order to have access to "CONFIDENTIAL INFORMATION" and "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION" leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question pending resolution of the issue by the Court.

7. CONFIDENTIAL information and documents shall be maintained in confidence by the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

(a) The Court (including court reporters, stenographic reporters and videographers and court personnel);

(b) The attorneys of record, indicated as signatories hereto, their partners, employees, contractors, and associates who are assisting in the conduct of this action (collectively hereafter referred to as "outside counsel");

(c) The officers and employees of the named parties in this litigation; provided, however, that all of the foregoing shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

(d) Subject to the terms of Paragraph 10 below, witnesses, experts and their staff and litigation support personnel and their staff retained by outside counsel in this litigation provided that each such person signs an Affidavit in the form of Exhibit A hereto, which shall be maintained by the party retaining such experts or litigation support personnel;

(e) Persons presently employed or retained by the Producing Party;

(f) Former employees or consultants of the Producing Party called as witnesses but only to the extent that such information refers to, relates or reflects events

that occurred prior to or during such witnesses' employment, and provided further that disclosure under this subparagraph shall only occur in a deposition or trial testimony;

(g) Any other person as to whom the Producing Party agrees in writing prior to such disclosure; and

(h) Support vendors or contractors retained by counsel of record for functions directly related to this lawsuit, such as copying, document management, and graphic design.

8. CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY information and documents shall be maintained in confidence for use by outside counsel of the parties, shall be used solely for the purposes of this litigation and shall not be disclosed to any person except those listed in Paragraph 7, subparagraphs (a), (b), (d)-(h).

9. While protected by this Protective Order, any information designated "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY" shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this action; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose.

10. With respect to witnesses and/or outside experts, to become an authorized person entitled to access to designated "CONFIDENTIAL" or CONFIDENTIAL--OUTSIDE COUNSELS' EYES ONLY INFORMATION", the person must be provided with a copy of this Order and must sign an Affidavit in the form set forth as Exhibit A hereto. Before "CONFIDENTIAL" OR "CONFIDENTIAL--OUTSIDE COUNSELS' EYES ONLY INFORMATION" is disclosed to any qualified recipient as outlined in Paragraph 7, an attorney employed or retained by the receiving party and assisting in connection with this action shall secure from the qualified recipient, and afterwards retain until the conclusion of this action, an

5

Affidavit in the form set forth as Exhibit A hereto in writing that the qualified recipient has read, and agrees to abide by, the terms of this Order. The party on whose behalf such an Affidavit is signed by any such person shall retain the original Affidavit. Upon motion demonstrating good cause and need, the Court may require the receiving party to produce the Affidavits executed by qualified recipients to the producing party.

11. Notwithstanding any other provision herein, nothing shall prevent:

(a) revealing "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION" to a witness who created, or previously received (as addressee or by way of copy) such information.

(b) using "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION" at trial or any hearing, although reasonable steps to protect the confidentiality of such information shall be taken.

(c) the submission of "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION" in or accompanying a brief or other court paper.

(d) examining, during a deposition, a director, officer, agent, employee or designated 30(b)(6) witness of the Producing Party concerning "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION" produced by that party.

12. The inadvertent production of any information or document without it being properly marked or otherwise designated shall not be deemed a waiver of any claim of confidentiality in such information or document. If a Producing Party or a supplying person acting for a Producing Party, through inadvertence, produces any CONFIDENTIAL INFORMATION or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly

6

marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL INFORMATION or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION and should be treated as such in accordance with the provisions of this Order.  Each receiving person must treat such information as confidential from the date such notice is received.  Disclosure of such CONFIDENTIAL INFORMATION or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY INFORMATION prior to the receipt of such notice, if known, shall be reported to the Producing Party and shall not be deemed a violation of this Order.

13. A copy of this Protective Order shall be shown to each attorney acting as counsel for a party and to each person to whom CONFIDENTIAL or CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY information will be disclosed pursuant to Paragraphs 7 and 10 hereof.

14. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

15. This Order shall not be construed to prevent any person from making use of or disclosing information that:

(a) was lawfully in that person's possession and not under the obligation of secrecy with respect to such information prior to receipt of such information from a Producing Party;

(b) becomes known lawfully to that person in a manner that does not violate the provisions of this Order; or

(c) was or is hereafter lawfully obtained from a source or sources other than the Producing Party or any person under an obligation of secrecy with respect to the Producing Party.

7

16.     Nothing in this Protective Order shall prejudice a party from seeking amendments hereto broadening or restricting the rights of access to and the use of "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY" information or documents or seeking other modifications of this Protective Order.

17.     Upon termination of this proceeding, either by settlement or final adjudication, including all appeals, any party and its counsel that obtain CONFIDENTIAL information or documents through discovery shall either return, through its outside counsel, all such CONFIDENTIAL information or documents, including all copies thereof, other than a sole copy that may be maintained in the sole custody of outside counsel for archival purposes, to the Producing Party from whom such documents or information was obtained, or destroy all such CONFIDENTIAL information and documents, including all copies thereof, other than a sole copy that may be maintained in the sole custody of outside counsel for archival purposes. However, all copies of CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY information and documents shall, upon written request, either be returned to the outside counsel of record for the Producing Party or destroyed.  If a party chooses to destroy documents under this order rather than return such documents to the Producing Party, upon written request, the party destroying the documents should by letter inform the Producing Party that such CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY documents and information have been destroyed.

18.     The parties agree to abide by the terms of this Order prior to the Order being entered by the Court.

19. The obligation to treat CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY documents or information as CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY and not to disclose such CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY information or documents shall survive any settlement or adjudication of this action.

20. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney-client privilege or is protected from discovery as work product within the meaning of Fed. R. Civ. P. 26. No party shall be held to have waived any rights by such inadvertent production. Any such inadvertently produced material shall be returned by the receiving party within three days of any written request therefore, unless the receiving party challenges the privileged nature of the document(s), in which case the producing party shall be entitled to make an application to the Court for the return of the material. Upon notification of inadvertent production, and while such application is pending, the receiving party shall not use or divulge the contents of such material.

Dated at Denver, Colorado, this 2nd day of February, 2007.

                                        BY THE COURT:
                                        s/ Michael E. Hegarty
                                        Michael E. Hegarty
                                        United States Magistrate Judge

AGREED TO:

By:  s/ Richard G. Sander
     Counsel for Icelandic
     Richard G. Sander
     Sander Ingebretsen & Parish PC
     633 17th Street, Suite 1900
     Denver, CO 80202

By:  s/ Andrew C. Storar
    Counsel for Zimmer Enterprises
    Andrew C. Storar
    Suzanne P. Beck
    Pickrel, Schaeffer & Ebeling, Co., L.P.A.
    2700 Kettering Tower
    Dayton, OH 45423


By:  s/ Wade Warthen
    Counsel for Zimmer Enterprises
    Wade Warthen
    Murray Franke Greenhouse List & Lippitt LLP
    Granite Building, Second Floor
    1228 15th Street
    Denver, Colorado 80202

# EXHIBIT A

# AFFIDAVIT TO AGREED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has carefully and completely read the CONFIDENTIALITY PROTECTIVE ORDER in Civil Action No. 06-CV-00480-WYD-MEH currently pending in the United States District Court for the District of Colorado, that he/she is one of the persons contemplated in Paragraph 10 thereof, that he/she has no relation to the parties hereto, or to any of their affiliates, principals, officers, or employees, and that he/she fully understands and agrees to abide by the obligations and confidences thereunder.

Date:_____

_____
Signature

_____
Title or Position

_____
Printed Name

_____

_____
Address

_____
Telephone Number

Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 2007.

_____
Notary Public

My commission expires:_____