IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00480-WYD-MEH

ATLANTIA IMPORTS, INC., d/b/a ICELANDIC DESIGN, a Colorado corporation,

　　Plaintiff,

v.

ZIMMER ENTERPRISES, INC., an Ohio corporation; and
JOHN DOES, 1 THROUGH 5,

　　Defendants.

## ORDER

　　THIS MATTER comes before the Court on Defendant Zimmer Enterprises' ("Zimmer") Motion to Dismiss, Transfer or Stay [# 8], filed April 25, 2006.  Specifically Zimmer argues that this case should be dismissed pursuant to the first-to-file rule or alternatively, transferred to the Southern District of Ohio.  On May 25, 2007, Plaintiff Atlandia ("Atlandia") filed its response to the motion.  On June 12, 2006, Zimmer filed a reply in support of its motion to dismiss.  After carefully considering the file and the pleadings in this case, I find that Defendant Zimmer Enterprises' motion should be denied as moot.

　　By way of background, Atlandia filed this action on March 16, 2006, alleging ten claims for relief including copyright infringement, unfair competition, deceptive trade practices, misappropriation, conversion, and unjust enrichment.  Prior to filing the instant case, on February 7, 2006, Zimmer filed a declaratory judgment action in the

United States District Court for the Southern District of Ohio (06-cv-038).  The Ohio matter seeks a declaratory judgment that Zimmer has not infringed upon or violated any of Atlandia's copyright, trademark or other rights.  "The Ohio suit arises out of the same facts and includes the same parties as the later filed Colorado suit."  (Def.'s Mot. at 3.)  On April 24, 2006, Atlandia filed a motion to dismiss or transfer the Ohio case to the District of Colorado.  On March 14, 2007, Judge Thomas M. Rose denied Atlandia's motion to dismiss but granted the motion to transfer the action to the District of Colorado.  In his Order, Judge Rose stated the following

> Transfer of venue to the District of Colorado will do significantly more than merely shift the inconvenience of litigation to Zimmer.  It will provide for a process to compel Ms. Doyle, a key witness for both parties, to appear and testify.  It will also provide for the controversy to be litigated in the forum most convenient to the non-employee witnesses.  None of the factors point towards the Southern District of Ohio.  Considering the above factors, Defendants have shown that fairness and practicality strongly favor venue in the District of Colorado.  Thus, Defendants' Motion to Transfer Venue is GRANTED.  The instant case is hereby ORDERED transferred to the District of Colorado.

(Judge Rose's Order at 13.)

In the case at hand, Zimmer's motion to dismiss or transfer is based on both the fact that it filed its declaratory judgment action in the Southern District of Ohio prior to Atlandia filing this case in the District of Colorado and that Ohio is a more convenient forum.  However, in light of Judge Rose's Order transferring Zimmer's declaratory judgment action to the District of Colorado, I find that Zimmer's Motion to Dismiss, Transfer or Stay [# 8] should be DENIED AS MOOT.  Accordingly, it is

ORDERED that Defendant Zimmer Enterprises' ("Zimmer") Motion to Dismiss, Transfer or Stay [# 8] is **DENIED AS MOOT**.

Dated: March 23, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge